## J. G. CRAWFORD v. THE STATE.

CRIMINAL LAW. *Putting obstructions on railroad track.* Where defendant placed obstructions on railroad track for the purpose of getting a job or reward for notifying the railroad of the obstruction, and signaled the train and had it stop before it struck the obstruction. *Held,* he was guilty under the statute (new Code, sec. 5387), of wilfully and maliciously placing obstruction on the railroad track.

### FROM KNOX.

Appeal in error from the Criminal Court of Knox county.    M. L. HALL, J.

S. G. HEISKELL and C. F. HUMES for Crawford.

ATTORNEY-GENERAL LEA for the State.

TURNEY, J., delivered the opinion of the court.

Plaintiff in error was indicted in the criminal court for Knox county, and convicted of placing obstructions on the East Tennessee, Virginia & Georgia Railroad, and sentenced for two years to the penitentiary. He confessed to having placed the cross-ties, rocks, etc., upon the road, but said that he "put the ties and

rock on the road to get a job; that he heard the train blow the signal for Concord, and ran down the railroad to stop it. He said if the engineer had not seen him when he was waving down train, all would have gone down together."

When signaled, a few minutes after one o'clock at night, the train "was running at the rate of thirty-five or forty-five miles per hour." The signal was given by plaintiff in error standing in the middle of the track, waiving his coat and hat. Do the facts make a violation of section 4638, old Code, 5387 new Code, as follows: "Whoever wilfully and maliciously puts upon the track of any railroad in this State, any kind of obstruction, * * * so as to endanger the safe running of the locomotive and cars, or either or any of them, is guilty of a felony?" etc.

While the judge of the criminal court has defined the terms wilfully and maliciously satisfactorily, it is insisted that, as the prisoner placed the obstructions upon the road with a view to advance his own interest in the procurement of a job or other reward for notifying the company's agent of the obstruction, and not intending a wreck, the jury was not warranted in finding the verdict.

We do not think the purpose of the accused, as afterwards declared by him, can avail him. Was the running of the locomotive and cars endangered? It was at least as late as one o'clock at night. The prisoner had to run down the road a sufficient distance to flag the train in time to secure a stop before reaching the obstruction. He was not prepared with

Crawford *v.* The State.

any of the usual danger signals. He took the chance of the engineer failing to see him (who alone could see him, as the fireman was firing the engine). He undertook for the watchfulness of the engineer at a late hour of the night, and at a point where, perhaps, danger might be least expected. He not only risked the ruining of the train he signaled, but also of such as might be traveling a contrary direction, and voluntarily admits in his confession that if his signal had not been seen, or had been unheeded, all would have gone down together. If in his run to meet the train he had fallen, or if he had been off time, or any accident had occurred to prevent him from success in the attempt, a wreck was inevitable. All these risks were existing, yet he undertook to overcome them, and in the undertaking endangered the running of the train and the lives of the agents and passengers. His was an experiment that he could not possibly know would succeed. The want of such knowledge made the danger aimed against by the statute.

Affirm the judgment.